UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

CHAMBERS OF
THE HONORABLE GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770



August 5, 2022

**LETTER TO COUNSEL**

RE:   *Timothy B. v. Kijakazi, Acting Commissioner of Social Security*
      Civil No. GLS 21-0641

Dear Counsel:

Pending before this Court are cross-motions for summary judgment, filed by Plaintiff Timothy B., and the Social Security Administration. (ECF Nos. 14, 19).[1] Upon review of the pleadings and the record, the Court finds that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2021).

The Court must uphold the decision of the Social Security Administration ("SSA" or "the Agency") if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The substantial evidence rule "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig*, 76 F.3d at 589. This Court shall not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the SSA. *Id.* For the reasons set forth below, I will deny the motions, reverse the Commissioner's decision in part, and remand the case back to the SSA for further consideration.

**I.   BACKGROUND**

Plaintiff filed a Title II Application for Disability Insurance Benefits and a Title XVI Application for supplemental security income on January 8, 2019. (Tr. 14). In both applications, the Plaintiff alleges that disability began on November 30, 2018. (*Id.*)*.* These claims were initially denied on May 31, 2019, and upon reconsideration, denied again on November 25, 2019. (*Id*.). On January 13, 2020, Plaintiff filed a written request for a hearing, which was granted. The hearing was conducted on September 9, 2020 by an Administrative Law Judge ("ALJ"). (*Id.*)*.* On September 21, 2020, the ALJ found that Plaintiff was not disabled under sections 216(i) and 223(d) of the Social Security Act. (Tr. 16-28). On January 6, 2021, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final and reviewable decision of the SSA.

---

[1]Plaintiff filed his summary judgment motion without exhibits. (ECF No. 13). Plaintiff subsequently filed an identical motion for summary judgment including the exhibits (ECF No. 14). The initial motion has been stricken.

*Timothy B. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 21-0641
August 5, 2022
Page 2

(Tr. 1).  *See also* 20 C.F.R. §422.210(a).

## II.   ANALYSIS PERFORMED BY THE ADMINISTRATIVE LAW JUDGE

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  An individual is deemed to have a disability if his/her "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work . . . which exists in significant numbers in the region where such individual lives or in several regions of the country."  42 U.S.C. § 423(d)(2)(A).

To determine whether a person has a disability, the ALJ engages in the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520(a); 416.920(a).  *See e.g., Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003); *Mascio v. Colvin*, 780 F.3d 632, 634-35 (4th Cir. 2015). The steps used by the ALJ are as follows:  step one, assess whether a claimant has engaged in substantial gainful activity since the alleged disability onset date; step two, determine whether a claimant's impairments meet the severity and durations requirements found in the regulations; step three, ascertain whether a claimant's medical impairment meets or equals an impairment listed in the regulations ("the Listings").  If the first three steps are not conclusive, i.e., a claimant's impairment is severe but does not meet one or more of the Listings, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC"). A claimant's RFC is the most that a claimant could do despite her/his limitations, through consideration of claimant's "'medically determinable impairments of which [the ALJ is] aware,' including those not labeled severe at step two." *Mascio*, 780 F.3d at 635 (quoting 20 C.F.R. § 416.945(a)). Also at step four, the ALJ analyzes whether a claimant could perform past work, given the limitations caused by her/his impairments. Finally, at step five, the ALJ analyzes whether a claimant could perform jobs other than what the claimant performed in the past, and whether such jobs exist in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4)(i) - 404.1520(a)(4)(v), 416.920(a)(4)(i)- 416.920(a)(4)(v).

At steps one through four, it is the claimant's burden to show that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Monroe v. Colvin*, 826 F.3d 176, 179-80 (4th Cir. 2016). If the ALJ's evaluation moves to step five, the burden then shifts to the SSA to prove that a claimant has the ability to perform work and, therefore, is not disabled. *Hunter v. Sullivan*, 993 F.3d 31, 35 (4th Cir. 1992).

Here, the ALJ evaluated Plaintiff's claim by following the sequential evaluation process outlined above.  (Tr. 16-28).  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since April 13, 2019, the alleged onset date of Plaintiff's disability.  (Tr. 16).  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, seizure disorder, degenerative disc disease, lumbar radiculopathy, major depressive disorder, major neurocognitive disorder, panic disorder, and alcohol use disorder.  (Tr. 16-17).

*Timothy B. v. Kijakazi, Acting Commissioner of Social Security*
Civil No. GLS 21-0641
August 5, 2022
Page 3

The ALJ found these impairments were severe because these impairments significantly limit the Plaintiff's ability to perform basic work activities as required by SSR 85-28. (Tr. 17). However, at step three the ALJ also determined that none of Plaintiff's impairments or combination of impairments met or medically equaled one or more of the Listings. (Tr. 17-20). Taking into account Plaintiff's severe impairments, the ALJ next assessed the claimant's RFC. Despite Plaintiff's severe impairments, the ALJ determined that Plaintiff had the RFC to:

> perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except he can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps or stairs, stoop, balance, kneel, crouch, and crawl. He can never be exposed to vibrations or hazards such as dangerous moving machinery and unprotected heights. He can never operate a motor vehicle. He can understand, remember, and carry out simple instructions and make simple work-related decisions. He can work at a consistent pace throughout the workday, but not at a production rate pace such as on an assembly line or work involving monthly or hourly quotas. He can tolerate occasional interaction with coworkers and supervisors and the public. He can tolerate occasional changes in the work setting.

(Tr. 20). At step four, the ALJ found that Plaintiff was unable to perform past relevant work. (Tr. 26). Before making a finding regarding step five, the ALJ conducted a hearing. At that hearing, a vocational expert ("VE") testified about whether a hypothetical person with the same age, education, and work experience as the Plaintiff with his RFC could perform Plaintiff's prior work as a fast-food worker, receiving clerk, assistant manager, and material handler. (Tr. 56). The VE testified that this hypothetical individual would not be able to perform Plaintiff's past work. (*Id.*). At step five, the ALJ ultimately determined that Plaintiff was not disabled, because he could perform light work existing in significant numbers in the national economy, e.g., as a non-postal clerk, a clerical checker, and an inspector. (Tr. 27-28).

### III.   DISCUSSION

In requesting summary judgment, Plaintiff contends that the ALJ's decision is not supported by substantial evidence because the ALJ erroneously assessed Plaintiff's RFC. Plaintiff specifically argues that the ALJ: (1) failed to properly evaluate certain medical opinions, resulting in an RFC that did not reflect Plaintiff's limitations; (2) applied an incorrect legal standard and failed to perform a function-by-function analysis of how Plaintiff's severe impairments impacted his ability to work; (3) failed to explain how Plaintiff could remain on task for eighty-five percent of an eight-hour workday despite his moderate limitations in maintaining concentration, persistence, or pace. (ECF No. 14-1, "Plaintiff's Motion," pp. 3-13). The SSA counters that the ALJ properly assessed Plaintiff's RFC based on the evidence in the record. (ECF No. 19-1, pp. 3-6).

I have carefully reviewed the arguments and the record. I find persuasive Plaintiff's

argument that the ALJ failed to provide a function-by-function analysis of Plaintiff's ability to perform the physical demands of work. Accordingly, I find that remand is appropriate, for the reasons set forth below. Because this case is being remanded, I will not address Plaintiff's remaining arguments.

Pursuant to 20 C.F.R. § 404.1545(a)(1), a claimant's RFC captures her ability to do physical and/or mental work activities for a sustained period of time, given her limitations. An ALJ must "consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [his] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (quoting *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. § 404.1545(a)(2); SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996).

The Fourth Circuit has held that SSR 96-8p requires an ALJ to perform an RFC assessment that evaluates "a claimant's ability to perform the physical functions listed in [the regulations]," namely, "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d. 377, 387 (4th Cir. 2021). The Fourth Circuit has also held that remand is appropriate where the ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the [ALJ's] analysis frustrate meaningful review." *Britt v. Saul*, 860 F. App'x. 256, 262 (4th Cir. 2021) (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015)). A proper RFC analysis should be clearly set forth in a narrative that has three components: (1) evidence; (2) logical explanation, and (3) conclusion. *Thomas*, *supra*, 916 F.3d at 312. The second component, the ALJ's logical explanation, "is just as important as the other two." *Id.*; *see also Rosalind M. v. Saul*, Civ. No. GLS 19-2791, 2020 WL 6450503, at *2 (D. Md. Nov. 3, 2020). In sum, an RFC analysis must describe how the evidence supports each conclusion reached by the ALJ by citing to evidence and articulating all inferences drawn therefrom. *Thomas*, 916 F.3d at 312-13.

In *Dowling*, the Fourth Circuit held that the ALJ erred in the RFC analysis performed. First, the ALJ erred by not using SSR 96-8p or other appropriate regulations when assessing the claimant's RFC. Instead, the ALJ used the incorrect legal framework and incorrectly focused only on the intensity and persistence of claimant's symptoms, and "the extent to which the alleged severity of those symptoms is supported by the record." 986 F.3d at 388. This kind of "symptom evaluation" is a different kind of analysis that SSR 96-8p and other regulations require for a proper RFC assessment. Second, the ALJ erred by first finding that the claimant had the RFC to perform sedentary work before performing a function-by-function analysis of how the claimant's impairments affected her ability to work. The *Dowling* court found that the ALJ's methodology of reaching a predetermined conclusion and then looking for evidence to support it was an inappropriate, out-of-order RFC assessment, per *Thomas*. *Id.* Third, despite ample evidence in the record that the claimant needed to work near a restroom and take frequent breaks, the ALJ failed to analyze that need to take breaks and whether it impacted her ability to work. *Id.* at 389. In sum, the Fourth Circuit found that these errors required reversal of the district court's affirmance of the ALJ's decision, and a remand for further administrative proceedings. *Id.* at 381.

In this case, the ALJ found that Plaintiff suffered from the following severe impairments: obesity, seizure disorder, degenerative disc disease, lumbar radiculopathy, major depressive disorder, major neurocognitive disorder, panic disorder, and alcohol use disorder. (Tr. 16-17). Thus, the ALJ was required to cite to and analyze Plaintiff's RFC consistent with SSR 96-8p, *Dowling*, and *Thomas*. Upon reviewing the ALJ decision in this case, I do not find that the ALJ explicitly cited to SSR 96-8p. Nor did the ALJ make any explicit findings about Plaintiff's ability to sit or stand, or discuss whether his abilities in this regard impacted his ability to work. (Tr. 20-26).[2] Per *Dowling*, I find that this constitutes error.

In reviewing the record, the ALJ made several factual findings about Plaintiff's physical impairments. The ALJ first found that Plaintiff testified at the hearing that he could stand for ten minutes at a time, and he could sit for twenty minutes at a time. (Tr. 20). Second, the ALJ found that Plaintiff reported "increased pain, numbness, and tingling" in his left leg after sitting or walking for an extended period of time. (Tr. 24). Third, the ALJ found that in April 2020, Plaintiff reported that he could not stand for more than ten minutes due to pain. (Tr. 24). Finally, the ALJ considered a medical opinion from July 2020, in which the examining physician found that Plaintiff could only "stand/walk for about [four] hours in an [eight]-hour workday." (Tr. 26). The ALJ found this opinion unpersuasive because it was not consistent with treatment notes finding that Plaintiff had full strength, full range of motion of the back and spine, and experienced pain relief in his back. (*Id.*). The ALJ did not make any finding or provide further explanation regarding Plaintiff's ability to stand or sit. (Tr. 20-26). The ALJ ultimately found that the RFC was supported by the evidence of record including Plaintiff's "treatment history, his physical examinations and psychological evaluations, and his own reports regarding his functional limitations." (Tr. 26). However, the ALJ neither explained how the RFC was consistent with Plaintiff's statements, nor did the ALJ detail exactly what evidence supported a finding that Plaintiff could perform light work.

Given that the ALJ found Plaintiff's physical impairments of degenerative disc disease and lumbar radiculopathy to be severe, the ALJ needed to articulate how these impairments translated into the RFC limitation of "performing light work[.]" (Tr. 20). *See Dowling*, 986 F.3d at 389 (remand required, where despite ample evidence in the record that the claimant needed to work near a restroom and take frequent breaks, the ALJ failed to analyze whether these severe limitations impacted her ability to work). Here, the ALJ did not articulate that her RFC assessment was rooted in a function-by-function analysis of how Plaintiff's impairments impacted his ability to work. Specifically, the ALJ did not make any findings about Plaintiff's ability to sit or stand despite the contradictory evidence in the record, including Plaintiff's testimony. (Tr. 20-26). Instead, the ALJ

---

[2] With regard to lifting, carrying, and walking, the ALJ found that Plaintiff could "lift/carry" a couch, and could walk for two miles, but the ALJ did not explain the impact of these findings on Plaintiff's ability to engage in such activities while working. (Tr. 25). *See Tracy H. v. Kijakazi*, Civ. No. AAQ-20-3346, 2022 WL 1555408, at *2-*3. (D. Md. May 17, 2022) (remand necessary, where ALJ failed to analyze certain functions and failed to explain how other functions impacted Plaintiff's ability to work).

conducted a symptom evaluation, stating that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSR 16-3p." (Tr. 20). The ALJ based her assessment on SSR 16-3p, which sets out the framework ALJs use to evaluate the intensity and persistence of a claimant's symptoms. (Tr. 20). While a claimant's symptoms are certainly relevant to the RFC evaluation, the "RFC assessment is a separate and distinct inquiry from a symptom evaluation, and the ALJ erred by treating them as one and the same." *Dowling*, 986 F.3d at 387.

As was the case in *Dowling*, I find that "[t]he ALJ's reliance on an incorrect regulatory framework led to an erroneous RFC assessment," requiring the Court to remand this case. *Dowling*, 986 F.3d at 388. Because the ALJ's narrative did not build "an accurate and logical bridge from the evidence to her [RFC] conclusions," I cannot find that substantial evidence supports the ALJ's decisions. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)); see also *Petry v. Comm'r, Soc. Sec. Admin.,* Civ. No. SAG 16-464, 2017 WL 680379, at *2 (D. Md. Feb. 21, 2017) (ALJ should build "an accurate and logical bridge from the evidence to his conclusion").

### IV.     CONCLUSION

For the reasons set forth above, both parties' summary judgment motions (ECF Nos. 14, 19) are **DENIED**. In addition, consistent with sentence four of 42 U.S.C. § 405(g), the Agency's judgment is **REVERSED IN PART** due to inadequate explanation. The case is **REMANDED** for further proceedings in accordance with this opinion. I express no opinion as to whether the ALJ's ultimate finding that Plaintiff is not disabled, and therefore, not entitled to benefits, is correct. The Clerk of the Court is directed to **CLOSE** this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as such. A separate Order follows.

Sincerely,

_____/s/_____
The Honorable Gina L. Simms
United States Magistrate Judge